# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| CAPITOL INDEMNITY CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO: 1:16-cv-00109-JTM-SLC ) |
| TIAN BAO LIN, *doing business as* New China Buffet, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## AMENDED OPINION AND ORDER

On March 30, 2016, Plaintiff Capitol Indemnity Corporation filed a complaint against five individual Defendants, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE 1). The complaint alleges that Plaintiff is "an insurance company authorized to do business in the State of Indiana with its principal place of business in Madison, Wisconsin," and that, "[u]pon information and belief," each individual Defendant is a "resident" of Indiana. (DE 1 ¶¶ 4-11).

Plaintiff's allegations concerning the citizenship of the parties, however, are insufficient to establish diversity jurisdiction. As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

With respect to Plaintiff, corporations "are deemed to be citizens of the state in which they are incorporated *and* the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added) (citing 28 U.S.C. § 1332(c)(1)). Where Plaintiff is "authorized to do business" is immaterial, as the Court must be

informed of the state in which Plaintiff is incorporated.

With respect to the individual Defendants, residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run." (citations omitted)). Therefore, Plaintiff must advise the Court of the domicile of each Defendant.

Furthermore, Plaintiff's allegations concerning citizenship of the individual Defendants are premised "[u]pon information and belief." (DE 1 ¶¶ 5-6, 9-11). But "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *see Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004).

Accordingly, Plaintiff is ORDERED to file an amended complaint on or before April 18, 2016, that properly alleges the citizenship of each party.

SO ORDERED.

Enter for this 4th day of April 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge